PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LORINZO SAMPSON, | ) | |
| | ) | CASE NO.  1:26CV1871 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| WARDEN JERRY SPATNY, | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| Respondent. | ) | **AND ORDER** |

*Pro Se* Petitioner Lorinzo Sampson filed a Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2254 (ECF No. 1).  He is currently incarcerated in the Grafton Correctional Institution, having been convicted in July 2025 in the Cuyahoga County, Ohio Court of Common Pleas in two separate cases of attempted having weapons while under disability.  *See State v. Sampson*, No. CR-24-694656-A (Cuyahoga Cnty. Ct. Common Pleas filed July 28, 2025), and *State v. Sampson*, No. CR-25-698527-A (Cuyahoga Cnty. Ct. Common Pleas July 28, 2025).

Petitioner appealed his maximum-consecutive sentence of 36 months to the Eighth District Court of Appeals of Ohio asserting:  (1) the trial court was neither neutral nor impartial; (2) his sentence was contrary to law; and, (3) the trial court violated his Sixth Amendment rights to the effective assistance of counsel when it failed to permit him to hire counsel of his choosing. The state appellate court affirmed the sentence.  *See State v. Sampson*, No. 115478, 2026 WL 1031237 (Ohio App. 8th Dist. April 16, 2026).  He appealed that decision to the Supreme Court

(1:26CV1871)

of Ohio and asserted the same grounds.  On July 21, 2026, the Supreme Court declined to accept the appeal for review.  *See State v. Sampson*, 182 Ohio St.3d 1421 (2026).  On August 11, 2026, Petitioner filed a Petition to Vacate or Set Aside Sentence in which he argues he was denied the effective assistance of trial counsel in violation of the Sixth Amendment.  The Petition to Vacate or Set Aside Sentence is pending in the Cuyahoga County Court of Common Pleas.

Petitioner does not assert any grounds for relief in this § 2254 habeas petition.  Without grounds for relief, the Court cannot determine whether he exhausted his state court remedies prior to filing this Petition (ECF No. 1), and cannot determine whether the writ should be granted.

Accordingly, the Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2254 (ECF No. 1) is dismissed without prejudice.  Petitioner may file a new Petition that contains all the grounds he intends to raise in his Petition.  That new Petition, however, must demonstrate that he has exhausted all of his state court remedies for the grounds for relief he is asserting.  The Court cannot entertain a "mixed petition" containing exhausted and unexhausted claims.  *Rose v. Lundy*, 455 U.S. 509 (1982).  In *Rose*, the Supreme Court adopted a complete exhaustion rule, which requires federal courts to dismiss petitions that contain both exhausted and unexhausted claims.  *Id.* at 522.  Petitioners who brought mixed petitions were entitled to resubmit petitions with only exhausted claims, or were allowed to exhaust the remainder of their claims and then resubmit all their now-exhausted claims.  *Id.* at 520.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith, and that there is

2

(1:26CV1871)

no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

     IT IS SO ORDERED.


<u>  August 12, 2026  </u>         <u>  /s/ Benita Y. Pearson       </u>
Date                                    Benita Y. Pearson
                                         United States District Judge